**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  24cr10250-LTS** |
| | ) | |
| **ABEDELOUAHAB ADEL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S MEMORADUM REGARDING PRETRIAL CONFERENCE**

The United States of America, by and through Assistant United States Attorneys Michael Crowley and John Reynolds, submits the following Memorandum for the status conference set for June 25, 2026.

### I.    Standby Counsel

The Court recently found that Defendant has waived his right to counsel under the Sixth Amendment and may proceed *pro se* at trial.  *See* ECF No. 182.  There is presently no stand-by counsel appointed in this case as prior counsel was terminated at the last status conference. Given, however, Defendant's past obstructive and disrespectful behavior towards the Court and its personnel, and the Court's recognition that he may very well waive his right to proceed *pro se* at trial, the government respectfully requests that the Court appoint stand-by counsel for trial to mitigate mistrial issues or other issues at trial.

By way of brief background, at its heart, this case is factually simple: Defendant, a felon, sold cocaine to an FBI cooperating witness while armed with an illegal, loaded handgun. During the sale, the Defendant discussed and showed the cooperating witness that he possessed a

1

Glock 9mm firearm.  The purchase was recorded (including the transfer of the drugs, the payment for the drugs and Defendant holding the Glock pistol) and Defendant was arrested shortly after the deal.  Officers recovered the Glock firearm, cash, and an additional quantity of cocaine and ecstasy from Defendant.  As a result, the Defendant has been indicted for Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

The procedural history of this case is exceedingly convoluted due to Defendant's behavior intended to advance the Defendant's "sovereign citizen" jurisdictional arguments that have been repeatedly rejected by the Court.  On two occasions, Defendant refused to appear completely at Court or on Zoom.  *See* ECF No. 79 (May 6, 2025) and 92 (July 18, 2025).  On October 3, 2025, he refused transportation and required a special transportation trip to ensure his appearance.  ECF No. 127.  He refused transportation for a competency evaluation. ECF No. 139.  On April 23, 2026, he initially refused to appear in the courtroom and only appeared after additional efforts from the U.S. Marshals.  ECF No. 160.  Throughout this period, he repeatedly refused discovery and mail correspondence from the Court.  *See* e.g. ECF Nos. 89, 99, 100.  He has declined discovery productions from the government and refused to meet and confer with counsel on the trial despite court orders to the contrary.  He has also failed to file any motions *in limine*, proposed voir dire questions, or proposed jury instructions for the upcoming trial despite court orders to the contrary.  He has declined to communicate about proposed stipulations (including those, like his felon status, that would benefit him at trial) or to discuss the admission of documents under Fed. R. Evid. 902 (4) and (11).  Instead, he has filed numerous

motions/notices/affidavits involving sovereign citizen arguments [ECF Nos. 76, 84, 93, 98, 128, 129, 131, 134, 135, 137, 155, 163, 166, 167, 175, 177-180] and has filed three civil lawsuits against the session clerk and other officials [25-cv-12326 (D. Mass.), 25-cr-11683 (D. Mass.), and 25-cv-419 (D. R.I.)] based on sovereign citizen arguments.  When in Court, Defendant has spoken over and interrupted the Court, declined to answer questions from the Court, made threatening statements towards his last counsel, and used profanity.  *See, e.g.,* Transcript of April 23, 2026, Hearing, pp. 32, 36-37.  At the last status conference, during the *Faretta* colloquy, Defendant insisted that he did not recognize the authority of the Court over him, that the ongoing proceedings against him were illegitimate, and stated he will not follow the Rules of Evidence and the Rules of Criminal Procedure at trial.  On the two most recent dates, after the Court concluded the session, Defendant announced as he left the courtroom that "court is now closed."

Given the Defendant's ongoing misbehavior in these proceedings, and his expressed intention to continue the same course of conduct, there is a significant likelihood that Defendant's behavior will result in (1) his waiving his right to self-representation, and/or (2) his being removed from the courtroom during proceedings.  In *Faretta*, the Supreme Court noted that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. … Of course, a State may - even over objection by the accused - appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta v. California*, 422 U.S. 806, 834 fn. 46 (1975) (citations omitted).  In addition, the Sixth Amendment guarantees an accused's right to be present in the courtroom at every stage of his trial and courts "must indulge every reasonable presumption

against the loss of constitutional rights." *Illinois v. Allen,* 397 U.S. 337, 342-43 (1970). However, "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* at 343.

Given Defendant's history of continuing disruptive behavior and open challenges to the Court's authority, the government believes that Defendant's future actions will likely result in a finding under *Faretta* that Defendant has terminated his right to self-representation and/or under *Allen* that Defendant should be removed from the courtroom.  If either situation occurs, stand-by counsel could take over the case.  Therefore, the government believes that stand-by counsel should be appointed by the Court prior to the commencement of trial.

The First Circuit has noted:

> Removal of a defendant from the courtroom is more difficult when the defendant is acting *pro se. We thus encourage a trial judge to employ his or her wisdom to appoint standby counsel whenever a defendant refuses or discharges counsel. …* We agree that "[n]o circumstance ... comes to mind [that] allows an accused to interfere with the absolute right of a trial judge to have such 'standby counsel' to protect the rights of accused persons 'foolishly trying to defend themselves.'"

*United States v. Pina*, 844 F.2d 1, 15 (1st Cir. 1988) (citations omitted) (emphasis added).  In the same vein,

> Of course, the right to self-representation is "not absolute." … Thus, a *pro se* defendant who is disruptive in the courtroom may forfeit his right to self-representation. … In these cases, the proper course of action is to revoke the defendant's right to self-representation and appoint counsel. *See, e.g., United States v. Mack,* 362 F.3d 597, 601 (9th Cir. 2004) ("A defendant does not forfeit his right to representation at trial when he acts out. He merely forfeits his right to represent himself in the proceeding.").

*United States v. Ductan*, 800 F.3d 642, 654 (4th Cir. 2015) (Diaz concurring) (citations omitted).

4

In further support of the First Circuit's position in *Pina*,

> In *Mayberry v. Pennsylvania,* 400 U.S. 455 … (1971), the Supreme Court addressed
> contempt issues arising out of a case in which the defendant represented himself.  In a
> concurring opinion, Chief Justice Burger noted the trial court had been wise to appoint
> standby counsel, who could step in if the defendant's conduct required his removal from
> the courtroom.  There were important reasons for this appointment:
>
>> In every trial there is more at stake than just the interests of the accused; the
>> integrity of the process warrants a trial judge's exercising his discretion to have
>> counsel participate in the defense even when rejected. A criminal trial is not a
>> private matter; the public interest is so great that the presence and participation of
>> counsel, even when opposed by the accused, is warranted in order to vindicate the
>> process itself. The value of the precaution of having independent counsel, even if
>> unwanted, is underscored by situations where the accused is removed from the
>> courtroom under *Illinois v. Allen.*
>
> *Mayberry v. Pennsylvania, supra,* 400 U.S. at 468 ….

*See People v. Cohn*, 160 P.3d 336, 342 (Colo. App. 2007) (citations omitted).  As one district

court found in a similar situation,

> Defendant also has filed a separate motion … asking the Court to remove stand-by
> counsel. That motion is denied. Stand-by counsel has been appointed at this stage of the
> case to familiarize himself with the matters at issue should the case proceed to trial and to
> assist Defendant in regard to pre-trial matters should she seek his assistance. As the Court
> has previously advised, stand-by counsel also is necessary in this case given Defendant's
> proclivity to challenge the Court's jurisdiction and to assert other frivolous positions
> associated with the sovereign citizen movement. *See, e.g., United States v Benabe*, 654
> F.3d 753, 766-67 (7th Cir. 2011) …. As the Supreme Court of the United States has
> explained, a trial court "may - even over objection by the accused - appoint a 'standby
> counsel' to aid the accused if and when the accused requests help, and to be available to
> represent the accused in the event that termination of the defendant's self-representation is
> necessary."

*United States v. Salley*, 2021 WL 1676397 at \*5 (N.D. Ill. Apr. 28, 2021), *aff'd*, 166 F.4th 680

(7th Cir. 2026) (citations omitted).  Given Defendant's established pattern of disruptive conduct,

the government believes it is prudent for the Court to appoint a stand-by counsel, as recommended by the First Circuit in *Pina*, even if Defendant objects to such appointment, to mitigate future mistrial issues and other potential issues.

## II.    Reconsideration of Prior Court's Order on Motion in Limine

The government notes that it intends to file a brief motion to reconsider the prior Court's ruling on Motion in Limine to Preclude Legally Irrelevant Arguments and Reference any Potential Penalties, issued on June 23, 2026.  ECF No. 186.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: June 25, 2026

By: */s/ Michael J. Crowley*
MICHAEL J. CROWLEY
JOHN J. REYNOLDS, III
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Michael J. Crowley*
MICHAEL J. CROWLEY
Assistant U.S. Attorney

6